## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY ANTOINE LAMITIER,

                                  Plaintiff,               Case No. 24-cv-12105

v.                                            Hon. Brandy R. McMillion

CITY OF ROYAL OAK, ROYAL OAK
POLICE, ANGELA DORTCH, 44TH
DISTRICT COURT, JUDGE DONALD
R. CHISHOLM, TAMARA BONÉ,

                                  Defendants.

_____/

## OPINION AND ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Timothy Antoine Lamitier ("Lamitier") filed this action against Defendants City of Royal Oak, Royal Oak Police, Officer Angela Dortch, the 44th District Court, Judge Donald R. Chisholm, and Clerk Tamara Boné (collectively, "Defendants") for allegedly conspiring to and actually committing fraud and extortion. *See generally* ECF No. 9. His allegations arise out of three parking tickets he received for failing to pay for parking in the City of Royal Oak and the subsequent enforcement actions when he failed to pay those tickets. *See id.*

Lamitier initiated this action on August 12, 2024. *See* ECF No. 1. He filed an Amended Complaint on August 21, 2024. *See* ECF No. 9. Defendants moved to

dismiss this complaint on the grounds that Lamitier's claims are not based in law or fact and are barred by various immunity doctrines.  *See* ECF No. 15, PageID.90. The Motion has been fully briefed.  *See* ECF Nos. 30, 33.  Since Defendants filed their Motion to Dismiss, Lamitier has filed four other motions, including a Motion to Strike Defendants' Motion to Dismiss and a Motion for Summary Judgment that essentially requests that this Court deny Defendants' Motion to Dismiss.  *See* ECF Nos. 20, 21, 23, 29.

For the reasons below, the Court **SUMMARILY DISMISSES** Plaintiff's Amended Complaint (ECF No. 9).

## I.

Lamitier received three parking citations in June 2023, February 2023, and July 2024, each fining him $20.00 for parking without paying the meter.  *See* ECF No. 1, PageID.26-28.  He received notification of these violations in the mail on June 13, 2023, March 3, 2034 and August 2, 2024, respectively.  *Id.*  The notices informed Lamitier of his ability to contest the citations by contacting the 44th District Court.  *Id.*  An informal hearing was set on July 26, 2023 for his June 2023 citation, but Lamitier did not appear.  *See* ECF No. 9, PageID.69.  As a result, on August 2, 2023, the 44th District Court entered default judgment against him.  *See id.*  Lamitier was sent a notice of the default judgment, which explained that a 20% late fee would be imposed if he did not pay the default judgment amount within 56

2

days of the judgment date.  ECF No. 1, PageID.24.  On June 18, 2024, due to his
failure to timely pay the outstanding balance, he was notified that he owed $78.00
on his June 2023 violation.  ECF No. 1, PageID.25.

On July 2, 2024, Lamitier requested from the 44th District Court all records
relating to the notice sent on June 18, 2024.  ECF No. 9, PageID.55.  On July 24,
2024, Lamitier submitted a second request to the 44th District Court for "a physical
copy of [the] case file" pertaining to the June 2023 violation and related default
judgment.  ECF No. 9, PageID.55; *see also* ECF No. 1, PageID.24, 29.  He received
a copy of the "Register of Actions" on or around July 26, 2024.  ECF No. 9,
PageID.56, 68.  At the time Lamitier filed his complaint, he had still not paid any of
his three parking violations and owed $122.00 in total.  *See* ECF No. 9, PageID.67
(listing total due as $102.00 including overtime fees on two of the three parking
citations); *see also* ECF No. 1, PageID.28 (August 2024 parking citation for $20.00).

Lamitier's complaint seems to challenge the legitimacy of the citations.  He
alleges that these parking citations are "unlawful threats of financial injury" that are
merely being "represented as monetary demands of lawful authority" so that
Defendants may collect a profit.  ECF No. 9, PageID.45.  In other places, Lamitier
seems to challenge the city's ability to charge for parking at all and the 44th District
Court's authority to enforce payment on parking violations.  *See e.g.*, ECF No. 9,
PageID.60-62; *see also* ECF No. 30, PageID.152 ("The right to Park or Travel is

part of the Liberty of which the Natural Person, citizen cannot be deprived without 'due process of law' under the Fifth Amendment of the United States Constitution.") (citing *Kent v. Dulles*, 357 U.S. 116, 125 (1958)). Lamitier also claims that by sending these citations in the mail unsealed, Defendants aimed to injure his reputation because "to a person of ordinary sensibility that may discover [them], [the citations and default judgment notice] communicate[] the impression that Plaintiff is involved in criminal activity, which is a false representation in fact." *See id.* at PageID.48, 62. Regarding the 44th District Court, Lamitier also alleges that it unlawfully withheld Plaintiff's personal records. *Id.* at PageID.52-54.

Lamitier believes Defendants have violated numerous criminal laws, contract law, the Constitution, and "God's Law." *See generally* ECF Nos. 9, 30. He seeks damages in the amount of $76,878,000.00. ECF No. 9, PageID.65.

## II.

Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Garland*, No. 2:22-CV-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), *aff'd*, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26, 2024). Typically, when it finds dismissal is in order, the Court should "notify the parties of its intent to dismiss the complaint and give the plaintiff an opportunity to amend the complaint

or otherwise respond to the stated reasons." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

However, there is a "small exception" to the rule requiring opportunity to amend or respond: a Court may "at any time" dismiss a fee-paid complaint *sua sponte* for failure to invoke subject-matter jurisdiction without leave to amend "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* This standard requires more than mere skepticism as to "a plaintiff's ability to ultimately state a claim under Rule 12(b)(6)." *Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303 (6th Cir. 2020). Ultimately, dismissal is appropriate under this standard in "only the rarest of circumstances." *Apple*, 183 F.3d at 480.

Although the Court should remain mindful that *pro se* complaints are to be construed liberally, *pro se* complaints "must still satisfy the subject matter jurisdiction requirement." *Lopez v. Benson*, No. 24-10916, 2024 WL 3740115, at *1 (E.D. Mich. June 6, 2024).

### III.

After reviewing the Amended Complaint and exhibits, the Court finds this is one of those rare circumstances in which the case should be dismissed for lack of subject matter jurisdiction because it is totally implausible, unsubstantial, and devoid of merit. *Apple*, 183 F.3d at 479.

Even when reading a *pro se* complaint liberally, courts have *sua sponte* dismissed complaints that lack "an arguable basis either in fact or in law." *Abner v. SBC (Ameritech)*, 86 F. App'x 958 (6th Cir. 2004). A complaint lacks an arguable basis in fact if it describes "fantastic or delusional scenarios" that are entirely unsubstantiated. *Id.* A complaint lacks a basis in law and can be dismissed for lack of subject matter jurisdiction where there is "no cognizable cause of action." *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 4006760, at *2 (E.D. Mich. Feb. 26, 2020), report and recommendation adopted, No. 19-13626, 2020 WL 2059866 (E.D. Mich. Apr. 29, 2020).

Here, Lamitier's allegations are fantastical and entirely unsubstantiated. He provides no facts to demonstrate that the parking tickets are unlawful or that they are the product of a fraudulent scheme orchestrated by Defendants. In fact, Lamitier's complaint is almost entirely devoid of any facts and instead consists of conclusory statements and citations to wildly divergent sources of law. *See* ECF No. 9. In this way, Lamitier's complaint is no different from other complaints dismissed by this Court for lack of subject matter jurisdiction. *See Lopez v. Benson*, No. 24-10916, 2024 WL 3740115 (E.D. Mich. June 6, 2024) (dismissing complaint because the complaint was incoherent and nonsensical and because no facts were provided that demonstrated he was entitled to relief); *Wojt v. Dep't of the Army*, No. 23-CV-12815, 2023 WL 7924710 (E.D. Mich. Nov. 16, 2023) (dismissing for wildly divergent and

entirely unsubstantiated statements); *Tucker,* 2020 WL 4006760, at *2 (dismissing for lack of subject matter jurisdiction where there was "no cognizable cause of action" and the complaints of conspiracies lacked arguable basis in rational fact).

Further, no cognizable cause of action can be derived from Lamitier's complaint. For example, the complaint cites numerous federal criminal statues as the basis for his clams, but Lamitier cannot enforce these criminal statues through civil action. *See Am. Post Workers Union, AFL-CIO v. Indep. Postal Sys. of Am.*, Inc., 481 F.2d 90, 93 (6th Cir. 1973) (recognizing only proper governmental authorities can enforce criminal laws and private parties have no right to do so); *Assoc. Builders & Contractors v. Perry*, 16 F.3d 688, 692 (6th Cir. 1994) ("[P]rivate citizen[s] lack[] a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Lee v. Stewart*, No. 20-5952, 2021 WL 6932349 (6th Cir. Aug. 24, 2021). Lamitier also relies on the Administrative Procedure Act to challenge the 44th District Court's "withholding" of his personal records, but that statute by its terms only applies to *federal* agencies. *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033 (6th Cir. 1999); *Morrman v. Wilson*, No. 4:08CV-P140-M, 2009 WL 2589591, at *3 (W.D. Ky. Aug. 20, 2009). Here, all Defendants are state agencies or employees of state agencies. Moreover, Lamitier's evidence demonstrates that he *was* provided the requested records. *See* ECF No. 9, PageID.68-69.

As for Lamitier's contention that the City and 44th District Court lack the authority to issue and enforce parking citations in general, this argument has no merit. The City of Royal Oak has the authority to establish parking meters and collect fines based on noncompliance with those parking meters. *See Petition of City of Detroit*, 339 Mich. 62, 62 N.W.2d 626 (Mich. 1954) (implicitly recognizing the authority of cities to collect money via parking meters); *see also Bowers v. City of Muskegon*, 305 Mich. 676, 681, 9 N.W.2d 889, 891 (Mich. 1943) ("[It] must be assumed that parking in a city street is a privilege and subject to regulation by the proper authorities of the city . . . the power to regulate implies the power to exact a fee for the cost of such regulation."). Lamitier may not reject a lawfully issued parking ticket on the grounds that he does not believe he should be made to pay for parking.

Lamitier has failed to carry his burden of establishing subject matter jurisdiction. The Court therefore must dismiss this action. *Houston*, 2023 WL 3212335, at *2.

**IV.**

Based on the foregoing reasons, the Court dismisses Lamitier's Amended Complaint (ECF No. 9). Because the Court has dismissed the complaint for lack of subject matter jurisdiction, the remaining motions are dismissed as moot. *See*

*Houston,* 2023 WL 3212335 (dismissing all pending motions as moot when it dismissed the complaint for lack of subject matter jurisdiction).

Accordingly, Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED** as the Court lacks subject-matter jurisdiction.  Further, Defendants' Motion to Dismiss (ECF No. 15), Plaintiff's Motion for Possession and Use of Electronic Devices (ECF No. 20), Plaintiff's Motion to Strike Defendants' Motion to Dismiss (ECF No. 21), Plaintiff's two Motions for Summary Judgment (ECF Nos. 23, 29) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 30, 2024                    s/Brandy R. McMillion
                                           BRANDY R. MCMILLION
                                           United States District Judge